UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-00973-WTL-MPB |
| | ) |
| COLUMBUS POLICE DEPARTMENT, | ) |
| LEINHOOP Mayor, | ) |
| ROSS Officer, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening, Granting *In Forma Pauperis* Status,
Dismissing Certain Defendants,
and Directing Issuance and Service of Process**

### I.  *In Forma Pauperis*

Plaintiff's motion for leave to proceed *in forma pauperis,* dkt. [3], **is granted**. The assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

### II.  Screening

**A. Legal Standard**

Plaintiff is incarcerated in the Bartholomew County Jail in Columbus, Indiana. Because plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.  Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In

determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. Discussion

Plaintiff's complaint asserts a single cause of action, labeled "malicious prosecution," against Officer Ross of the Columbus Police Department. He contends that on February 22, 2017, Ross "initiated a criminal complaint from a traffic stop that was without probable cause." Complaint at p. 1 (Dkt. 1). He continues in the next sentence alleging that this conduct, presumably the initiation of a criminal complaint, was an "infringement of the [c]onstitutional [r]ights of the plaintiff and a malicious prosecution." *Id.*

As a threshold matter, Officer Ross is the only person described in the short complaint to have committed any actionable conduct. Accordingly, two defendants named only in the caption -- Columbus Police Department and Mayor Leinhoop -- **are dismissed** from this action because, *inter alia*, the complaint fails to allege any claim against them. *See also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted).

Plaintiff's claim for malicious prosecution does not state a claim under 18 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Federal courts are rarely the appropriate forum for malicious prosecution claims." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). This is because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *Id.* (internal quotation marks omitted). Moreover, Indiana law insulates Ross from malicious prosecution claims. *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013) (holding the Indiana Tort Claims Act, Ind. Code § 34-13-3-3(6), grants broad immunity to government units and employees from malicious prosecutions actions).

However, the Seventh Circuit has instructed that malicious prosecution claims be analyzed for allegations of other constitutional rights, particularly false arrest claims. While titled as malicious prosecution claims, often the claims describe false arrests, unlawful seizures, or unfair trials under other constitutional theories. *See Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) ( "[I]f a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.'").

Plaintiff complains that Ross effectuated a traffic stop without probable cause, which may state a claim for false arrest or an unlawful search and seizure. *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (holding "[t]he Fourth Amendment . . . is the proper basis for challenging the lawfulness of an arrest"). Therefore, as re-stated, plaintiff's claim regarding the traffic stop, but not any malicious prosecution, may proceed against Ross. If plaintiff believes that additional

claims were alleged in his complaint, but not identified by the Court, he shall have through April 21, 2017, in which to identify those claims.

### III. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Ross in the manner specified by Rule 4(d). Process shall consist of the complaint [dkt. 1] applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to modify the docket and caption to reflect the dismissal of the Columbus Police Department and Mayor Leinhoop and show Officer Ross as the sole remaining defendant.

IT IS SO ORDERED.

Dated: 4/4/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

Officer Greg Ross
c/o Columbus Police Department
123 Washington Street
Columbus, IN  46201

**Note to Clerk:  Processing this document requires actions in addition to docketing and distribution.**